ings record, which on its face reflects substantial noncompliance with Supreme Court Rule 402, especially when such evidentiary hearing itself fails to elicit such factual basis from the testimony of the appellant himself. The fact that appellant signed a form allegedly waiving his right to grand jury indictment and trial by jury and allegedly entering a guilty plea is not sufficient, of itself, to indicate that such waivers and plea were understandingly or voluntarily made. *People v. Paproth*, 18 Ill.App. 3d 385, 309 N.E.2d 706.

In view of our determination that the record does not affirmatively disclose that appellant entered this plea of guilty knowingly and voluntarily, we need not consider his contention with regard to denial of effective assistance of counsel.

■■ We reverse the decision of the Circuit Court of Franklin County and remand with instructions that the defendant be allowed to plead anew.

Reversed and remanded with directions.

G. MORAN, P. J., and EBERSPACHER, J., concur.

The People of the State of Illinois, Plaintiff-Appellee, *v.* Michael Scott, Defendant-Appellant.

(No. 73-379;

Fifth District—November 8, 1974.

PER CURIAM.
CARTER, J., took no part.

Robert Farrell, of Mt. Vernon, and Steven Clark, of Chicago, both of State Appellate Defender's Office, for appellant.

Guy Lahr, III, State's Attorney, of Metropolis, for the People.